### R. H. STOCKTON v. H. S. MONTGOMERY.

#### No. 556. (57 Pac. 1059.)

NEGOTIABLE PAPER—*Protest and Demand—Due Diligence.* S., residing in Topeka, held a check on the Argentine bank. On August 18 he transferred it by indorsement and delivery to M., who on the same day transferred it by delivery to T., and he indorsed and delivered it to a bank in Topeka; said bank indorsed and transmitted it for collection to a bank at Kansas City, Mo., by which it was received on August 19 and presented for payment. Payment was refused and protest had on August 20. On August 25 M. notified S. of the dishonor of the check and demanded repayment thereof. *Held,* that this notice was in proper time and showed due diligence.

Error from Shawnee district court; Z. T. HAZEN, judge.   Opinion filed July 18, 1899.   Affirmed.

*W. F. Schoch*, for plaintiff in error.
*Isenhart & Alexander*, for defendant in error.

The opinion of the court was delivered by

WELLS, J. : The Argentine Bank was owing the plaintiff in error, R. H. Stockton, certain moneys, and in payment thereof the cashier, G. A. Taylor, issued and delivered his check on the bank payable to R. H. Stockton, signed G. A. Taylor, cashier, and dated July 20, 1896.   On August 17 or 18, 1896, the defendant in error, H. S. Montgomery, as an accommodation, cashed this check, the payee indorsing his name on the back and delivering it to him.   On the same day Montgomery transferred the check by delivery to F. S. Thomas, who indorsed it and delivered it to the Bank of Topeka, by which it was forwarded for collection to the Midland National Bank, Kansas City, Mo., by which bank it was received on August 19 and sent to the First State Bank, Argentine, Kan., and by it on August 20 was presented for payment, payment refused, and protest duly made, the bank having been taken in charge by the state bank commissioner before it was opened for business on August 19.   A notice of protest was mailed to the plaintiff in error at Argentine, Kan., which was not his proper post-office address, and said notice was not received by him.   On August 25 the defendant in error demanded of the plaintiff in error the sum he had paid him for the check, which was refused, and afterward this action was brought to recover the same before a justice of the peace of Topeka, Kan., who gave judg-

ment for the plaintiff, and on a petition in error this judgment was affirmed by the district court, and now comes here for review.

Upon the material questions of fact there is no controversy, and the only question necessary to be determined is, Under the undisputed facts, which party is entitled to a judgment?

Under section 8 of chapter 115, General Statutes of 1897 ( Gen. Stat. 1899, § 544 ), the plaintiff below was entitled to recover if he had used due diligence to obtain payment from the drawer, maker, or obligor.

Did he use due diligence? The presentation and demand of payment were certainly within due time, and we think that, under the authority of *Seaton v. Scovill*, 18 Kan. 433, we must hold that the notice to the indorser was in time.

The judgment of the district court is affirmed.